# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINIC VIGNE, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-1213** |
| **COOPER AIR FREIGHT SERVICES, et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Dominic Vigne, Rickey Dantzler, and Donya Holmes' ("Plaintiffs") Motion to Remand.[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this matter to the Civil District Court for the Parish of Orleans, State of and deny the motion to the extent it requests attorneys' fees and costs.

## I. Background

This litigation arises out of an alleged accident that occurred on or about August 28, 2017.[2] In the Petition, Plaintiffs allege while sitting in a parked armored car, they were rear-ended by a semi-trailer attempting to make a turn.[3] Plaintiffs contend that the collision resulted in several injuries.[4] Plaintiffs assert that Curtis House ("House") was negligent in operating the vehicle, and Cooper Air Freight Services ("Cooper") is vicariously liable as House's employer.[5] Plaintiffs also assert a claim against National Interstate Insurance ("National Insurance") as Cooper's insurer,

---

[1] Rec. Doc. 6. Plaintiffs also move the Court to strike Defendants' fraudulent joinder argument. Rec. Doc. 6-1.

[2] Rec. Doc. 1-1 at 2.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 2–3.

1

and a claim against The Ernest M. Morial New Orleans Exhibition Hall (the "Convention Center") for failing to properly maintain the roadway.[6] On July 23, 2018, Plaintiffs filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana.[7]

On February 8, 2019, Defendants Cooper and National Insurance (hereinafter, "Defendants") removed the action to this Court, alleging complete diversity of citizenship and an amount in controversy exceeding $75,000.[8] In the Notice of Removal, Defendants plead the citizenship of the parties as follows: (1) Plaintiffs Vigne, Holmes, and Dantzler are citizens of Louisiana; (2) National Insurance is a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio; (3) Cooper is a corporation organized under the laws of the State of Tennessee with its principal place of business in Tennessee; (4) House is a citizen of Mississippi; and (5) the Convention Center is a citizen of Louisiana.[9]

Defendants acknowledge that the Convention Center is a non-diverse defendant, but Defendants assert that the Convention Center's citizenship should be disregarded for the purpose of establishing diversity jurisdiction because the Convention Center was fraudulently joined as a defendant in this matter.[10] Specifically, Defendants argue that the Convention Center is fraudulently joined because Plaintiffs cannot assert a viable claim for negligence against the Convention Center under Louisiana law.[11]

On March 8, 2019, Plaintiffs filed the instant motion to remand.[12] On March 18, 2019,

---

[6] *Id.*

[7] Rec. Doc. 1-1.

[8] Rec. Doc. 1.

[9] *Id.* at 7.

[10] *Id.* at 2.

[11] *Id.* at 9–11.

[12] Rec. Doc. 6.

Defendants filed an opposition to the motion.[13]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion to Remand*

In the motion, Plaintiffs assert that the Court should remand the action for two reasons.[14] First, Plaintiffs contend that removal was untimely.[15] Second, Plaintiffs allege that the parties are not diverse because Defendants cannot prove that the Convention Center is fraudulently joined.[16]

Addressing the first issue, Plaintiffs argue that Defendants did not remove the case within the statutorily-required time period because Defendants had notice that the case was removeable from the moment they were served with the Petition.[17] Plaintiffs state that when Defendants removed the action on February 8, 2019, they asserted that they had just received "other paper" on January 9, 2019 during discovery, and this was Defendants' first notice that the case could be removed.[18] Plaintiffs allege that Defendants based the "other papers" argument on documents that Defendants received regarding the amount in controversy for Plaintiffs Dantzler and Holmes' claims.[19]

According to Plaintiffs, however, Defendants did not have to wait for other papers regarding Plaintiffs Dantzler and Holmes to know that the amount in controversy exceeded $75,000 because Plaintiff Vigne submitted a settlement demand above $75,000 to National

---

[13] Rec. Doc. 8.
[14] Rec. Doc. 6-1 at 2–3.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*

3

Insurance on March 12, 2018.[20] Plaintiffs contend that some circuits would consider this pre-litigation demand sufficient for establishing the amount in controversy, and therefore, Defendants had notice that the case was removeable when Defendants were served in August 2018.[21] Based on this argument, Plaintiffs allege that Defendants were required to remove the case in September 2018.[22] Therefore, Plaintiffs contend, removal was untimely.[23]

Second, Plaintiffs argue that the Convention Center, which is a citizen of Louisiana, is properly joined and destroys diverse citizenship because Plaintiffs are also citizens of Louisiana.[24] Plaintiffs contend that the Convention Center is properly joined because the Petition states a viable negligence claim against the Convention Center under Louisiana Civil Code art. 2315.[25] Plaintiffs also aver that Louisiana Civil Code art. 2317 establishes a duty of care for state entities, and there are enough allegations in the Petition to state a claim that the Convention Center breached its duty.[26] Additionally, Plaintiffs insist that any factual disputes must be resolved in Plaintiffs' favor and the case should be allowed to proceed to discovery so Plaintiffs can obtain more information to prove the duty-risk analysis.[27] Accordingly, Plaintiffs urge the Court to grant the motion and remand the case back to state court.[28] Plaintiffs also contend that they should be awarded attorney's fees and costs for the improper removal of this action.[29]

---

[20] *Id.*

[21] *Id.* Plaintiff avers that National Insurance was served on August 22, 2018 and Cooper was served on August 31, 2018. *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.* at 4–5.

[26] *Id.* at 5–6.

[27] *Id.* at 6–7.

[28] *Id.* at 7.

[29] *Id.*

## B. Defendants' Arguments in Opposition to the Motion to Remand

In opposition, Defendants argue that removal was timely because they removed within the time period defined by Fifth Circuit case law, and the Convention Center is fraudulently joined because Plaintiffs do not state a negligence claim against the Convention Center.[30]

First, Defendants assert that under Fifth Circuit precedent, removal follows a two-step process—a defendant may remove within 30 days of receiving the petition and noticing that the pleading alleges on its face that the case is removable, but if the case is not removable at that time, a defendant may remove the action when "other papers" alert the defendant that the matter is removable.[31] Here, Defendants assert that when the action was initially filed, the face of the Petition was silent regarding the amount of damages Plaintiffs were seeking, and thus Defendants could not discern that the amount in controversy requirement was met.[32] Further, Defendants contend that they were aware of Vigne's settlement demand in March 2018, but this was subjective knowledge acquired before the Petition was filed, and under Fifth Circuit precedent, pre-litigation subjective knowledge does not constitute notice on the face of pleading.[33] Therefore, Defendants assert that they did not know the matter was removable at the time they were served with the Petition and the 30 day time limit for removal did not begin at that point.[34]

Furthermore, Defendants allege that under the Fifth Circuit case *Chapman v. Powermatic, Inc.*,[35] others papers only consist of what a defendant receives after the Petition has been served

---

[30] Rec. Doc. 8 at 1 (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. 2002); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 293 (5th Cir. 2013)).

[31] *Id.* at 2–3.

[32] *Id.* at 3.

[33] *Id.* (citing *Chapman*, 969 F.2d at 161; *Wright v. Nat'l Interstate Ins. Co.*, No. 16-16214, 2017 WL 344283, at *2 (E.D. La. Jan. 24, 2017)).

[34] *Id.* at 4.

[35] 969 F.2d 160 (5th Cir. 1992).

on the defendant.[36] Here, Defendants assert that Vigne's settlement demand in March 2018 was submitted before the Petition was filed and is therefore not "other papers."[37] According to Defendants, only the discovery documents they received on January 9, 2019 constitutes "other papers," and this is when the 30 day removal period commenced.[38] Because Defendants removed the case on February 8, 2019, they aver that removal was timely.[39]

Second, Defendants contend that Plaintiffs do not state a viable negligence claim against the Convention Center because the entity did not owe a duty to Plaintiffs to post a warning sign.[40] Defendants concede that the Convention Center is a political subdivision of the State of Louisiana and hence a public entity.[41] Defendants insist, however, that "[m]unicipalities may be subjected to the imposition of duties [only] by legislation, ordinance or rule of law."[42] Defendants contend that in the motion, Plaintiffs do not cite to any law which establishes a duty for the Convention Center to post warning signs in the area.[43] In the absence of this duty, Defendants proffer that Plaintiffs do not state a negligence claim against the Convention Center, and it is therefore fraudulently joined.[44] Accordingly, Defendants assert that the Convention Center should not be considered for the purposes of determining diversity, and the Court should deny the motion to remand.[45]

---

[36] Rec. Doc. 8 at 5.
[37] *Id.* at 5.
[38] *Id.*
[39] *Id.*
[40] *Id.* at 6–8.
[41] *Id.* at 5–6.
[42] *Id.* at 7.
[43] *Id.* at 6–7.
[44] *Id.*
[45] *Id.* at 7–8.

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[46] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[47] The removing party bears the burden of demonstrating that federal jurisdiction exists.[48] Subject matter jurisdiction is fixed at the time of removal, and it cannot be eliminated by events that occur after removal.[49]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition, that federal courts are courts of limited jurisdiction and that "removal statute[s] should be strictly construed in favor of remand."[50] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[51] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In this case, complete diversity of citizenship is lacking on the face of the state court petition because Plaintiffs and the Convention Center are citizens of Louisiana. Despite the presence of a non-diverse defendant in this lawsuit, Defendants argue that this Court has diversity

---

[46] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[47] 28 U.S.C. § 1332(a)(1).

[48] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[49] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[50] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[51] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

jurisdiction over this matter because Plaintiffs have improperly joined the non-diverse defendant in order to defeat diversity jurisdiction. Therefore, before reaching the other issues raised in the motion to remand, the Court will address whether the Convention Center was improperly joined.

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[52] The party asserting improper joinder "bears a heavy burden of proving that joinder of the in-state party was improper."[53] The Fifth Circuit has long recognized two methods of fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, and (2) the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court.[54] In this case, Staging Techniques alleges that the Convention Center is improperly joined because Plaintiff cannot plead a cause of action against the Convention Center.

In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit stated that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[55] District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways.[56] First, "[t]he court may conduct a Rule 12(b)(6)-

---

[52] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).

[53] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

[54] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (internal citations omitted). The Fifth Circuit also refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases. *See, e.g., Crockett*, 436 F.3d 532. In this Order, the Court will use both terms.

[55] *Smallwood*, 385 F.3d at 573.

[56] *Id.*

type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[57] Second, in rare cases, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[58]

If a court decides to "pierce the pleadings" when assessing a claim of fraudulent joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor.[59] However, a court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[60] In other words, where courts choose to pierce the pleadings, the party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.[61] The Fifth Circuit has stated that district courts should look at summary judgment-type evidence at this stage of the proceedings only in those cases, "hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[62] Even in such cases, the

---

[57] *Id.*

[58] *Id.*

[59] *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).

[60] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

[61] *Travis*, 326 F.3d at 650.

[62] *Smallwood*, 385 F.3d at 573.

9

district court's decision to pierce the pleadings and conduct a summary inquiry is within its discretion.[63]

## IV. Analysis

In the Notice of Removal, Defendants assert that the Convention Center was improperly joined as a defendant in this matter because Plaintiffs fail to state a negligence claim against the Convention Center.[64] Specifically, Defendants assert that Plaintiffs cannot prove that the Convention Center had a duty to post warning signs in the area.[65] In the motion to remand, Plaintiffs assert that the Convention Center had a duty as a public entity under Article 2317 of the Louisiana Civil Code, and whether the Convention Center breached this duty depends on the facts of this case.[66]

Article 2317 of the Louisiana Civil Code provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody..."[67] However, Louisiana Revised Statute 9:2800 limits a public entity's strict liability only to circumstances in which the public entity "had actual or constructive notice of the particular defect that caused the damage."[68] Therefore, the duty of public entities under Article 2317 is essentially the same as the duty that arises under general negligence.[69]

---

[63] *Id.*

[64] Rec. Doc. 1 at 9.

[65] *Id.* at 10–11.

[66] Rec. Doc. 6-1 at 5. In its opposition brief, Defendants concede that for the sake of legal analysis, there is no issue with whether the Convention Center qualifies as a public entity. Rec. Doc. 8 at 5–6.

[67] La. Civ. Code Ann. art. 2317.

[68] La. Stat. Ann. § 9:2800.

[69] *Manasco v. Poplus*, 530 So. 2d 548, 549 (La. 1988) ("While the basis for determining the existence of the duty is different in art. 2317 strict liability cases and in ordinary negligence cases, the duty that arises is the same."); *Bridgewater v. New Orleans Reg'l Transit Auth.*, 2015-0922 (La. App. 4 Cir. 3/9/16), 190 So. 3d 408, 413 ("Since La.

Article 2315 of the Louisiana Civil Code establishes a general cause of action for negligence: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[70] In determining whether to impose liability under Article 2315, Louisiana courts employ a duty-risk analysis, whereby a plaintiff must establish the following five elements: "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)."[71] "[C]ause-in-fact is found when defendant's conduct was a substantial factor in the injury; it need not be the sole cause."[72] "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability."[73]

In Louisiana, "[i]t is well settled that a governing authority which has jurisdiction over a particular roadway…has a legal duty to make that roadway reasonably safe for travel. This includes the duty to erect warning signs or barricades to warn motorists of unusually dangerous

---

R.S. 9:2800 limits the liability of political subdivisions of the state with regard to strict liability, the duty owed by the City under the theories of strict liability and negligence, if any, is the same.").

[70] La. Civ. Code art. 2315.

[71] *Audler v. CDC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (internal citations omitted).

[72] *Manuel v. Shell Oil Co.*, 94-590 (La. App. 5 Cir. 10/18/95); 664 So. 2d 470, 475 (internal citations omitted) (applying the substantial factor causation standard for benzene exposure).

[73] *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La. 1994).

11

conditions such as sharp curves, unexpected intersections, or dangerous railroad crossings."[74] The existence of such a duty depends upon the facts and circumstances of each case.[75]

In the Petition, Plaintiffs allege that the Convention Center, "who had custody, control, and garde of Julia Street is liable unto your plaintiffs for the following non-exclusive particulars: (a) Failure to warn; (b) Failure to post proper signage (No Parking) to motorist; (c) Failure to properly maintain its roadway; (d) Any and all other acts of negligence, which may be proven at trial of this matter."[76]

As the parties who removed the case, Defendants bear the heavy burden of proving that joinder of the Convention Center was improper.[77] Defendants argue that there is no possibility that Plaintiffs could recover against the Convention Center because the Convention Center did not owe Plaintiffs a duty to post signage warning Plaintiffs not to park in the area. However, whether this duty existed depends on the particular facts and circumstances of the case, which, as noted by Plaintiffs, remain to be explored during discovery.

Further, Plaintiffs' claim against the Convention Center is not based solely on a theory that the Convention Center failed to post signage. Plaintiffs also allege that the Convention Center failed to properly maintain the roadway. In the Notice of Removal, Defendants aver that "[t]he

---

[74] *Langer v. Bienville Parish Police Jury,* 541 So. 2d 360 (La. App. 2 Cir.), *writ denied,* 546 So. 2d 177 (La. 1989); *Douget v. Allen Parish Police Jury,* 520 So. 2d 813 (La. App. 3 Cir.1987); *Laque v. St. Charles Parish,* 444 So .2d 742 (La. App. 5 Cir. 1984); *Watts v. City of Baton Rouge,* 248 So. 2d 42 (La. App. 1 Cir.), *writ denied,* 259 La. 63, 249 So. 2d 203 (1971); *Wall v. American Employers Insurance Company,* 215 So. 2d 913 (La. App. 1 Cir.1968), *writ denied,* 253 La. 325, 217 So. 2d 415 (1969). *Clay v. Papillion,* 653 So. 2d 774, 775 (La. App. 3 Cir. 1995) (citations omitted).

[75] *Bridgewater v. New Orleans Reg'l Transit Auth.*, 2015-0922 (La. App. 4 Cir. 3/9/16), 190 So. 3d 408, 415; *Manasco v. Poplus*, 530 So. 2d 548, 549 (La. 1988); *Daigle v. City of Shreveport*, 46,429 (La. App. 2 Cir. 10/5/11), 78 So. 3d 753, 765.

[76] Rec. Doc. 1-1 at 3.

[77] *Smallwood*, 385 F.3d at 574.

condition of Julia Street was also *not* an issue in this case,"[78] but Defendants do not present any evidence negating the possibility that the Convention Center may have failed to maintain the roadway in a reasonably safe condition. Thus, the Convention Center's obligations, duties, and responsibilities relative to the safety of the area are also still subject to dispute.

On a motion to remand based on improper joinder, the Court cannot assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[79] Furthermore, all "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[80] Considering that it is not clear that Plaintiff will be unable to prevail on the claims against the Convention Center, the non-diverse defendant, the Court finds that this matter must be remanded to state court.[81] Because the Court finds remand appropriate on this basis, it need not reach the other issue raised in the motion to remand.

Finally, Plaintiffs assert that attorneys' fees should be assessed against Defendants. When a district court remands a case, the court has the discretion to award attorneys' fees incurred as a result of removal to the non-removing party, but the court should decline to do so if the removing party had an "objectively reasonable basis for removal."[82] Here, although Defendants have not prevailed on this motion, its arguments are not completely meritless. Therefore, Defendants had

---

[78] Rec. Doc. 1 at 11 (emphasis in original).

[79] *Guillory*, 434 F.3d at 308–09.

[80] *Acuna*, 200 F.3d at 339.

[81] *In re 1994 Exxon Fire Chem. Fire*, 558 F.3d at 392–94.

[82] *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.,* 592 F. App'x 268, 270 (5th Cir. 2014).

an "objectively reasonable basis" for seeking removal. Accordingly, the Court denies Plaintiffs' request for attorneys' fees.

## V. Conclusion

Based on the foregoing, is not clear that Plaintiffs will be unable to prevail on their claims against the Convention Center. Therefore, the Court lacks subject matter jurisdiction over this case and must remand it to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Dominic Vigne, Rickey Dantzler, and Donya Holmes' Motion to Remand[83] is **GRANTED IN PART** to the extent it seeks remand and this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that the "Motion to Remand"[84] is **DENIED IN PART** to the extent that Plaintiffs' Request for Attorneys' Fees is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __28th__ day of June, 2019.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[83] Rec. Doc. 6.

[84] *Id.*